

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-12-00177-CR
_____

ZACK ELDRED, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 11F0762-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Zack Eldred, Jr., attempts to appeal his conviction. Eldred was sentenced September 12, 2012, and no timely motion for a new trial was filed. An order appointing appellate counsel was entered October 25, 2012, and on November 5, 2012, both a notice of appeal and a motion to extend the time for filing an appeal were filed with the trial court and with this Court.

A late notice of appeal invokes the appellate court's jurisdiction only if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519, 520 (Tex. Crim. App. 1996). Further, when a notice of appeal is filed within the fifteen-day period, but no timely motion for extension of time is filed, the appellate court lacks jurisdiction. *Id.* at 522 (citing *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993)).

The Texas Court of Criminal Appeals interprets Rule 26.3 of the Texas Rules of Appellate Procedure strictly to require an appellant in a criminal case to file his or her notice of appeal and a motion for extension within the fifteen-day period for filing a late notice of appeal. *Id.* at 522–26; *see* TEX. R. APP. P. 26.3. The Texas Court of Criminal Appeals has expressly held that without a timely-filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo*, 918 S.W.2d at 522; *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998).

Eldred's notice of appeal and motion were both filed on November 5, 2012, past the fifteen-day extension window allowed by Rule 26.3. Consequently, the appeal is untimely, and we are without jurisdiction to hear this case.

We dismiss this appeal for want of jurisdiction.


Jack Carter
Justice


Date Submitted:     November 19, 2012
Date Decided:       November 20, 2012

Do Not Publish